# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 12/24/2018 9:45 AM - 9:45 AM
Courtroom Number: 2508
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
8/24/2018 1:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH10744

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| DANIEL CHERTOK, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2018CH10744 ) |
| G. M. GOLDMAN & ASSOCIATES, INC., an Illinois corporation, | ) ) ) ) |
| Defendant. | ) Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff DANIEL CHERTOK ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action to secure redress for the actions of Defendant G.M. GOLDMAN & ASSOCIATES INC. ("Defendant") in making or causing to be made unsolicited telephone calls to residential or cellular telephones in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The TCPA prohibits the transmission of unauthorized and unsolicited phone calls to the residential or cellular telephones of consumers throughout Illinois and the United States without the consumer's prior express written consent. Unsolicited telephone calls damage the recipients. The recipient must frequently pay his/her respective wireless service provider either for each phone call received, or incur a usage allocation deduction to his/her phone plan, regardless of whether or not the call is authorized. Further, unsolicited telemarketing phone calls invade recipients' privacy, are a nuisance to recipients, and waste recipients' time.

## PARTIES

3. At all relevant times, Plaintiff DANIEL CHERTOK was a citizen and resident of Illinois.

4. At all relevant times, Defendant G. M. GOLDMAN & ASSOCIATES, INC. was an Illinois corporation, located and headquartered in Skokie, Illinois, and was involved in the making of unsolicited phone calls, as described below.

## JURISDICTION AND VENUE

5. Jurisdiction over Defendant is proper in this County under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(a)(1), (b)(4), and (c).

6. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the County in which the transaction occurred, and Defendant is a private corporation doing business in this County. 735 ILCS 5/2-102(a).

## FACTS

7. Plaintiff's residential telephone number is listed on the National Do-Not-Call Registry ("DNC Registry"), and was listed on the DNC Registry at all relevant times.

8. Plaintiff received five unsolicited phone calls on his residential telephone number on July 10, 2018; July 25, 2018; August 8, 2018; August 13, 2018; and August 14, 2018.

9. Defendant is responsible for making or causing the making of the phone calls that Plaintiff received.

10. Plaintiff never provided his residential telephone number to Defendant for any purpose whatsoever. Plaintiff never gave, and Defendant never received, Plaintiff's prior express written consent to Defendant to receive phone calls on his residential telephone.

11. Defendant, whose products or services were solicited in the phone calls, derived economic benefit from the calls.

12. On information and belief, Defendant made or caused to be made the unsolicited telephone calls to Plaintiff using an automated telephone dialing system that has the capacity to store and/or produce telephone numbers without human intervention.

13. On information and belief, Defendant made or caused to be made the unsolicited telephone calls to Plaintiff using an artificial or prerecorded voice to deliver a message.

14. On information and belief, Defendant called the Plaintiff as a part of a mass broadcasting of telephone calls, whereby Defendant transmitted identical unsolicited phone calls to hundreds of other persons.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of a class (the "Class"), defined as:

> All persons who, on or after August 24, 2014, received at least one phone call by or on behalf of Defendant, made using an automated telephone dialing system or a prerecorded or artificial voice, promoting Defendant's goods or services, and who had not previously consented to receiving such phone calls.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

16. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to

3

Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. For example, Defendant boasts that it has been specializing in senior insurance products in Illinois since 1968.[1] Given the number of Class members, the only way to deliver substantial justice to all members of the Class is by means of a single class action. Class members can easily be identified through Defendant's records or by other means.

17. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, include, but are not limited to, the following:

    a. Whether Defendant made the unsolicited telephone calls to Plaintiff and Class members using an automated telephone dialing system;

    b. Whether Defendant made the unsolicited telephone calls to Plaintiff's and Class members' residential telephone numbers using a prerecorded or automated voice;

    c. Whether Defendant's making unsolicited telephone calls to Plaintiff and Class members violates the TCPA; and

    d. Whether Plaintiff and Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

18. Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful, negligent, reckless, and/or willful conduct.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices, including violations of the TCPA. *See, e.g., iMove v. Inland Bank*, Case No. 16-cv-

---

[1] *See* https://www.gmgoldman.com/about-us/about-us

4

10106 (N.D. Ill. Jan. 18, 2018) (granting final approval of a $2.45 million class settlement that alleged violations of the TCPA). Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

20. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class members. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

21. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of making unsolicited phone calls alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct and as a result of receiving the unsolicited phone calls as alleged herein.

22. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct with regard to the members of the Class.

## COUNT I
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-23.

25. Defendant made unsolicited commercial phone calls to the telephone numbers of the Class members. Each such phone call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment, Defendant was able to effectively make phone calls to hundreds of consumers' wireless telephone numbers without human intervention.

26. The TCPA makes it unlawful to make any call without prior express consent using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(l)(A)(iii).

27. The TCPA also makes it unlawful to make any call to any residential telephone number using an artificial or prerecorded voice to deliver a message without prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

28. The TCPA also prohibits making more than one telephone call within any 12-month period by or on behalf of the same entity to any telephone number listed in the DNC Registry. 47 U.S.C. § 227(c).

29. As referenced herein, Defendant violated the TPCA. Pursuant to 47 U.S.C. §§ 227(b)(3)(B) and (c)(5), Plaintiff and the members of the Class are each entitled to, *inter alia,* a minimum of five hundred dollars ($500.00) in statutory damages from Defendant for each violation of the TCPA, and should the Court find that Defendant willfully or knowingly violated this statute, treble damages under §§ 227(b)(3)(C) and (c)(5).

30. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to §§ 227(b)(3)(A) and (c)(5).

WHEREFORE, Plaintiff DANIEL CHERTOK, individually, and on behalf of all others similarly situated, prays for the following relief:

(A) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his counsel as Class counsel;

(B) An award of actual and statutory damages;

(C) An order enjoining Defendant from continuing to engage in the conduct described herein;

(D) An award of reasonable attorneys' fees and costs; and

(E) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

Plaintiff DANIEL CHERTOK, individually, and on behalf of all others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
Firm ID No. 34418

Counsel for Plaintiff and the Class